*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE NORTHERN DISTRICT OF GEORGIA*
*ATLANTA DIVISION*

IN RE:

**DELORES LEE REYNOLDS,**                      Case No.2:25-bk-50898
                                                Chapter 7

     Debtor.

**RICHARD F. RAY**

     Plaintiff,

vs.                                             Adversary Proceeding No.  25-05234-JWJ

**JODY VIRGINIA LYNN STEWART**

     Defendant.


## RICHARD F. RAY, PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW Richard F. Ray, Plaintiff**, and for his response in opposition, states as follows:


I.      FACTS

The underlying bankruptcy in this matter was filed on August 19, 2025. This adversary action to determine dischargeability was filed on November 20, 2025. [Doc. 2].

As stated in the Complaint, the Defendant (along with Co-Plaintiffs William Joseph Robinette, and Delores Lee Reynolds)[1] brought a cause of action in the Sullivan County Chancery

---

[1] Both Mr. Robinette and Ms. Reynolds have filed bankruptcies in the United States Bankruptcy Court, Northeastern Division, at Greeneville in Tennessee.

Court in Kingsport Tennessee ("Sullivan County Action"). Said action, was commenced on July 6, 2021, when the Defendant filed a verified complaint. [Doc. 2 ¶ 5-6].

The main focus of the complaint in the Sullivan County Action was to wrest control of Fuller Enterprises, LLC from Tina Robinette and Mason Ashworth Robinette, the heirs of William J. Robinette, Jr., who was the founder and original owner of Fuller Enterprises, LLC. [Doc. 2 ¶7]. The Sullivan County complaint contained multiple documents attesting to the fact that Defendant and her co-parties were the true owners of Fuller Enterprises, LLC [Doc. 2 ¶8]. The filing of the Sullivan County Complaint and corresponding documents led to the appointment of Richard F. Ray by the court as a Receiver. [Doc. 2 ¶9 & 19]. Following a lengthy discovery process, the Sullivan County Court ruled on a pending motion to dismiss the case filed by Tina Robinette, pursuant to Tennessee's Abusive Civil Action Statute found at Tenn. Code Ann. §29-41-101 *et. seq.* [Doc. 2 ¶10]. The Sullivan County Court issued a final Order on November 23, 2023 ( "Order") disposing of the action. [Doc. 2 ¶11]. A Copy of the Order was attached to the Complaint in this matter and will be covered more thoroughly below. The Sullivan County Court ruled:

1) The filing of the Sullivan County Action was a violation of the Abusive Civil Action Act, set forth in Tenn. Code Ann. § 29-41-101.[Doc. 2 ¶12-13];

2) Amongst other violations, Ms. Stewart and her co-parties relied upon false, fraudulent, altered and / or forged documents in support of their Verified Complaint [Doc. 2 ¶14-19];

3) Due to the Defendant's conduct, Richard F. Ray would not have appointed to serve as Receiver but for the Defendant's reliance upon the aforementioned fraudulent documents. [Doc. 2 ¶19].

2

4) Based upon the Defendant's willful, malicious, intentional, false, and fraudulent actions she was responsible for the Receiver's fees, costs and expenses totaling $380,317.29.

As of the time of the bankruptcy filing, the actions of the Sullivan County Chancery Court had already been affirmed by the Tennessee Court of appeals. *See Robinette v. Robinette*, No. E2024-00301-COA-R3-CV, 2025 Tenn. App. LEXIS 52, at 41 (Ct. App. Feb. 11, 2025).

## II.    LEGAL STANDARD:

### A. Rule 12(b)(6) Standard

Rule 12 of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted [.]" Fed. R. Civ. P. Rule 12(b)(6). Fed. R. Civ. P. Rule 12, is applicable to adversary proceedings through Fed. R. Bankr. P. 7012. Under Rule 12 "a plaintiff's obligation to provide the grounds of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007). *See Also Johnson v. City of Shelby*, 574 U.S. 10 (2014). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).

3

With respect to a Rule 12(b)(6) analysis, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). Additionally, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 562).

### B. Standard Under 11 USC §523

11 U.S.C. §523(a)(2) states:

(a)  A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title [11 USCS § 727, 1141, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt—

. . .

> **(2)**  for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
> > **(A)**  false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> > **(B)**  use of a statement in writing--
> > > **(i)**  that is materially false;
> > > **(ii)**  respecting the debtor's or an insider's financial condition;
> > > **(iii)**  on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> > > **(iv)**  that the debtor caused to be made or published with intent to deceive;

> **(6)**  for willful and malicious injury by the debtor to another entity or to the property of another entity;

4

11 USC § 523.

Claims based off of state court findings are sufficient as "[a]ny debt established under non-bankruptcy law will suffice as long as it also meets the elements of an exception to discharge under 11 USC § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284-85 n.12, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991). Further, with respect to claims based off of fraud, ""In a bankruptcy context though, great liberality is afforded in the pleading of fraud." *In re Hussain*, 54 B.R. 755, 759 (Bankr. E.D.N.Y. 1985). If a complaint is "inartfully" drawn, however, "Federal Rule of Civil Procedure 15(a) and Bankruptcy Rule 7015(a) require that leave to amend a complaint or response be freely given since controversies are better resolved through a decision on the merits rather than technicalities. One of the most frequent reasons for amending a pleading is to corrector amplify a previously alleged claim or defense." *In re Bade*, 87 B.R. 78, 80 (Bankr. D. Neb.1988).

### III.   ARGUMENT

#### A.  Mr. Ray Served as an Officer of the Court Pursuant to Tennessee Law

As clearly stated in the Complaint, Mr. Ray's role in the Sullivan County Action was as court appointed Receiver. Under Tennessee law, "[a] receiver derives his authority from the act of the Court appointing him." *KMC Co. v. Nabors*, 572 S.W.2d 255, 258 (Tenn. Ct. App. 1977). Further, "[a] receiver is, rather, for the time being, a ministerial officer and representative of the Court having charge of the receivership, and accountable to such Court, and has been referred to in some cases as an 'arm,' in other cases as a 'hand,' of the Court, and in still others as a part of its machinery." *KMC Co. v. Nabors*, 572 S.W.2d 255, 258 (Tenn. Ct. App. 1977).

With respect to payment of a Receiver's fees, the courts have previously stated:

"As indicated by Gibson's Suits in Chancery, 5th Ed., § 1082, it is the general rule that the costs in a receivership proceeding are paid out of the proceeds in the hands of the receiver prior to distribution to the creditors and this rule is departed from only when an individual creditor is shown by the evidence to have a false claim or engaged in inequitable conduct."

*KMC Co. v. Nabors*, 572 S.W.2d 255, 259 (Tenn. Ct. App. 1977). Additionally, "[c]ases may arise in which the Court will, if the funds in Court be sufficient for that purpose, require the parties, at whose instance a receiver is appointed, to meet the expense of the receivership; but it has been held that *special circumstances must appear*, which upon equitable principles will authorize the Court to fix liability upon plaintiff for such expenses, and the *mere inadequacy of the property or fund to meet such expenses* constitutes in itself *no reason* why liability should be fixed upon plaintiff who has been guilty of no irregularity, and who has succeeded in a suit for obtaining the relief asked." *Sklar v. Bernstein* 7 Tenn.App. 593, 601 (Tenn. Ct. App. 1928). As shown below, the Defendant's actions created irregularities that caused the Receiver costs to be assessed against them in the Sullivan County Action.

### B. Defendant Used Fraudulent Documentation in Order to Secure the Services of a Receiver in Violation of the Abusive Civil Action Act Found the Tenn. Code Ann. 29-41-101 et. seq.

The Sullivan County Chancellor found that the Defendant violated the Abusive Civil Act found at Tenn. Code Ann. 29-41-101 et. seq. Tenn. Code Ann. §29-41-101 states:

As used in this chapter:

(1) "Abusive civil action" means a civil action filed by a plaintiff against a defendant with whom the plaintiff shares a civil action party relationship primarily to harass or maliciously injure the defendant and at least one (1) of the following factors are applicable:
    (A) Claims, allegations, and other legal contentions made in the civil action are not warranted by existing law or by a reasonable argument for the extension, modification, or reversal of existing law, or the establishment of new law;
    (B) Allegations and other factual contentions made in the civil action are without the existence of evidentiary support; or
    (C) Issue or issues that are the basis of the civil action have previously been filed in one

6

(1) or more other courts or jurisdictions by the same, and the actions have been litigated and disposed of unfavorably to the plaintiff;

(2) "Abusive civil action plaintiff" means a person who files a civil action that a court of record has determined to be an abusive civil action and against whom prefiling restrictions have been imposed pursuant to this chapter;

(3) "Civil action" means a civil action, as defined in Rule 2 of the Tennessee Rules of Civil Procedure;

(4) "Civil action defendant" means a person or persons against whom a civil action has been filed that a court of record has determined to be an abusive civil action and imposed prefiling restrictions against the abusive civil action plaintiff pursuant to this chapter;

(5) "Civil action party relationship" means the plaintiff commencing a civil action and the civil action defendant fall within one (1) of the following categories:

(A) Adults who are current or former spouses;

(B) Adults who live together or who have lived together;

(C) Adults who are dating or who have dated or who have or had a sexual relationship. As used in this subdivision (5)(C), "dating" and "dated" do not include fraternization between two (2) individuals in a business or social context;

(D) Adults related by blood or adoption;

(E) Adults who are related or were formerly related by marriage; or

(F) Adult children of a person in a relationship that is described in subdivisions (5)(A)-(E); and

(6) "Harass or maliciously injure" means the civil action determined to be an abusive civil action was filed with the intent or was primarily designed to:

(A) Exhaust, deplete, impair, or adversely impact the civil action defendant's financial resources unless:

　　(i) Punitive damages are requested and appropriate; or

　　(ii) A change in the circumstances of the parties provides a good faith basis to seek a change to a financial award, support, or distribution of resources;

(B) Prevent or interfere with the ability of the civil action defendant to raise a child or children for whom the civil action defendant has legal custody in the manner the civil action defendant deems appropriate unless the civil action plaintiff has a lawful right to interfere and a good faith basis for doing so;

(C) Force, coerce, or attempt to force or coerce the civil action defendant to agree to or make adverse concessions concerning financial, custodial, support, or other issues when the issues in question have been previously litigated and decided in favor of the civil action defendant;

(D) Force, coerce, or attempt to force or coerce the civil action defendant to alter, engage in, or refrain from engaging in conduct when the conduct is lawful and is conduct in which the civil action defendant has the right to engage;

(E) Impair, or attempt to impair the health or well-being of the civil action defendant or a dependent of the civil action defendant;

(F) Prevent, interfere, or adversely impact the ability of the civil action defendant to pursue or maintain a livelihood or lifestyle at the same or better standard as the civil

7

action defendant enjoyed prior to the filing of the action primarily for the purpose of harassing or maliciously injuring the civil action defendant; or
(G) Impair, diminish, or tarnish the civil action defendant's reputation in the community or alienate the civil action defendant's friends, colleagues, attorneys, or professional associates by subjecting parties without knowledge of or not reasonably relevant to the civil action to unreasonably or unnecessarily complex, lengthy, or intrusive interrogatories or depositions.

T.C.A. § 29-41-101.

Upon a finding that a Plaintiff has violated the Abusive Civil Action Act, Tenn. Code

Ann. § 29-4-106 provides the following remedies:

(a) If the court finds by a preponderance of the evidence that a person filing a civil action is an abusive civil action plaintiff, and that any or all civil actions filed by the abusive civil action plaintiff against the abusive civil action defendant that are pending before the court are abusive civil actions, the civil actions shall be dismissed.
(b) In addition to dismissal of any pending abusive civil action within the jurisdiction of the court, the court shall:

(1) Tax all costs of any abusive civil action pending in the court at the time of the court's finding pursuant to subsection (a) against the abusive civil action plaintiff;
(2) Award the civil action defendant reasonable attorney fees and all reasonable costs of defending the abusive civil action; and
(3) Impose prefiling restrictions upon any civil action the abusive civil action plaintiff attempts to file for a period of not less than forty-eight (48) months nor more than seventy-two (72) months.

T.C.A. § 29-41-106.

**C. Mr. Ray has Pled a Sufficient Case under 11 USC 523, and Fed. R. Civ. P. 9(b).**

It is understood that "[m]alice, intent, knowledge, and other conditions

of a person's mind may be alleged generally." Fed. R. Civ. P. Rule 9(b). That is, the plaintiff

must allege the "'who, what, when, and where' of the alleged fraud." *Uni\*Quality, Inc. v.*

*Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992); *Cannon v. Johnson (In re Johnson)*, 661 B.R.

844, 851 (Bankr. W.D. Wis. 2024).

8

With respect to the claims and the basis for recovery, Mr. Ray specifically identified in his Complaint that he was appointed as Receiver in the underlying state court case. [Doc. 2 ¶ 9]. A copy of the Order appointing Mr. Ray as Receiver in the Sullivan County Action is attached to the Complaint as Exhibit A. *Id.* The appointment of Mr. Ray as Receiver was specifically requested by the Defendant and his duties / authorities are clearly outlined in the Order. *Id.* The Receiver also specifically sets forth in the Complaint that a Motion to Dismiss pursuant to the Abusive Civil Action Statute disposed of the Sullivan County Action. [Doc. 2 ¶10]. Mr. Ray then specifically pled that his claim is based off this court's order, and that the Court specifically found that the Defendant relied upon fraudulent documents to prosecute their case. [Doc. 2 ¶14]. Mr. Ray cites the Court's order listing the fraudulently relied upon documents, placing the Defendant on Notice of what fraudulent actions occurred. As set forth in Paragraph 14 of the Complaint, those fraudulent documents were (1) Due on Demand Promissory Note dated December 23, 2018; (2) a Vulcan Construction Materials, LLC License and Supply AGREEMENT DATED January 1, 2019; (3) a Barnhart Crane and Rigging Co. "Credit Sales Application – Kingsport Branch" dated December 21, 2020; (4) a Stowers CAT "Credit Application and Master Account Agreement dated December 29, 2020; and (5) the Operating Agreement. [Doc. 2 ¶ 14].

Mr. Ray then specifically pled that his claim was out of a finding of a violation of the Abusive Civil Action Act found at Tenn. Code Ann. § 29-41-106(b)(1). [Doc. 2 ¶ 17]. Finally, Mr. Ray specifically alleged that based upon the Sullivan County Chancellor's findings that the Defendant engaged in improper, willful, intentional, and malicious actions of falsifying documents, records, and information to support their claims the Receiver's compensation, expenses, and costs were assessed to the Defendant. [Doc. 2 ¶ 19]. Mr. Ray then cited to the

9

portion of the Chancery Court's opinion that demonstrated that "[b]ut for the Individual Plaintiffs willful and intentional false, misleading, and fraudulent assertions and fraudulent documents as support for their Verified Complaint and Amended Verified Complaint, this Court would not have appointed Mr. Ray as Receiver. *Id.*

### III.   CONCLUSIONS:

Defendant's motion to Dismiss ignores the reality of the fact that Mr. Ray was serving as an officer of the Court. Taking all of the facts alleged in the complaint as true, the Defendant committed a fraud upon the court, causing Mr. Ray to be appointed and incur fees and expenses as a result. Further, under operation of Tennessee law, a Receiver's fees may be assessed against a party requesting the Receiver under "special" circumstances. The circumstances existed in this case by and through the Tennessee Abusive Civil Action statute. As shown in both the Sullivan County Order of November 23, 2023, and the complaint, the Defendant (along with her co-conspirators) engaged in a process of fraud and misrepresentation in order to wrest control of the Fuller Enterprises LLC business from its rightful owners. Mr. Ray, serving as a Receiver and an officer of the court, performed significant services that he is able to recover from the Defendant as a result of her fraudulent and illegal conduct.

As discussed *supra*, Mr. Ray not only provided a copy of the Sullivan County Order of November 23, 2023, but fully alleged its findings in the Complaint. Specifically, Mr. Ray fully alleged and with specificity, that the Defendant engaged in fraud upon the court to secure his appointment and his services as Receiver in order to further their scheme against the owners of Fuller Enterprises, LLC. He specifically cited to the fact that but for their fraudulent action; the court would not have appointed him as Receiver. A list of fraudulent documents used to secure

10

his appointment was also supplied as part of the Complaint, placing the Defendant on notice of the allegations of fraud. Finally, the Receiver also alleged that his fees were awarded as part of the Tennessee Abusive Civil Action Statute, which contains a fee shifting provision to deter these types of abusive and predatory acts.

Based upon the foregoing, the Mr. Ray requests that the Defendant's motion be denied, and the Defendant be ordered to fully answer the Complaint within a reasonable period of time.

Respectfully submitted,

/s/ Ryan E. Jarrard_____
Ryan E. Jarrard, Esquire
TN BPR No. 024525 (Admitted Pro Hac Vice)
Attorney for Plaintiff
**Quist, Fitzpatrick & Jarrard PLLC**
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929-2121
(865) 524-1873
rej@qcflaw.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on this the __23rd  of January 2026__, a copy of the foregoing **Response in Opposition** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ *Ryan E. Jarrard*

Ryan E. Jarrard, BPR 024525

12