**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **CHAPTER 7** |
| **JODY VIRGINIA LYNN STEWART,** | ) | |
| | ) | **CASE NO. 25-59459-JWJ** |
| **Debtor.** | ) | |
| | ) | |
| **RICHARD F. RAY,** | ) | |
| **Plaintiff,** | ) | **ADV. NO. 25-05234-JWJ** |
| **v.** | ) | |
| **JODY VIRGINIA LYNN STEWART,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT JODY VIRGINIA LYNN STEWART'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

COMES NOW Debtor-Defendant Jody Virginia Lynn Stewart ("Ms. Stewart" or "Defendant"), and for her response to the Second Amended Complaint (Doc. 17) (the "Second Amended Complaint") filed by Richard F. Ray ("Plaintiff"), and states as follows:

1. The allegations in Paragraph 1 of the Second Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ms. Stewart denies the allegations and demands strict proof thereof.

2. The allegations in Paragraph 2 of the Second Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ms. Stewart denies the allegations and demands strict proof thereof.

3. The allegations in Paragraph 3 of the Second Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ms. Stewart

denies the allegations and demands strict proof thereof.

4. Ms. Stewart admits that the filing associated with her bankruptcy case referenced in Paragraph 4 speaks for itself. To the extent the allegations in this numbered Paragraph are inconsistent with that filing, Ms. Stewart denies the same and demands strict proof thereof.

5. Ms. Stewart admits that the filings associated with the Tennessee Chancery Court case referenced in Paragraph 5 speak for themselves. To the extent the allegations in this numbered Paragraph are inconsistent with those filings, Ms. Stewart denies the same and demands strict proof thereof.

6. Ms. Stewart admits that the filings associated with the Tennessee Chancery Court case referenced in Paragraph 6 speak for themselves. To the extent the allegations in this numbered Paragraph are inconsistent with those filings, Ms. Stewart denies the same and demands strict proof thereof.

7. The allegations in Paragraph 7 of the Second Amended Complaint constitute a legal conclusion and characterization to which no response is required. To the extent a response is required, Ms. Stewart denies the allegations and demands strict proof thereof.

8. Ms. Stewart admits that the filings associated with the Tennessee Chancery Court case referenced in Paragraph 8 speak for themselves. To the extent the allegations in this numbered Paragraph are inconsistent with those filings, Ms. Stewart denies the same and demands strict proof thereof.

9. Ms. Stewart admits that the filings and orders associated with the Tennessee Chancery Court case referenced in Paragraph 9 speak for themselves. To the extent the allegations in this numbered Paragraph are inconsistent with those filings or orders, Ms. Stewart denies the same and demands strict proof thereof.

10. The allegations in Paragraph 10 of the Second Amended Complaint constitute a legal conclusion and characterization to which no response is required. To the extent a response is required, Ms. Stewart admits that the filings associated with the Tennessee Chancery Court case referenced in Paragraph 10 speak for themselves and denies any allegations or characterizations inconsistent therewith.

11. Ms. Stewart admits that the referenced Order entered by the Tennessee Chancery Court speaks for itself. To the extent the allegations in this numbered Paragraph are inconsistent with that Order, Ms. Stewart denies the allegations and demands strict proof thereof.

12. Ms. Stewart admits that the referenced Order entered by the Tennessee Chancery Court speaks for itself. To the extent the allegations in this numbered Paragraph are inconsistent with that Order, Ms. Stewart denies the allegations and demands strict proof thereof.

13. Ms. Stewart admits that the referenced Order entered by the Tennessee Chancery Court speaks for itself. To the extent the allegations in this numbered Paragraph are inconsistent with that Order, Ms. Stewart denies the allegations and demands strict proof thereof.

14. Ms. Stewart admits that the referenced Order entered by the Tennessee Chancery Court speaks for itself. To the extent the allegations in this numbered Paragraph are inconsistent with that Order, Ms. Stewart denies the allegations and demands strict proof thereof.

15. Ms. Stewart admits that the referenced Order entered by the Tennessee Chancery Court speaks for itself. To the extent the allegations in this numbered Paragraph are inconsistent with that Order, Ms. Stewart denies the allegations and demands strict proof thereof.

16. Ms. Stewart admits that the referenced Order entered by the Tennessee Chancery Court speaks for itself. To the extent the allegations in this numbered Paragraph are inconsistent with that Order, Ms. Stewart denies the allegations and demands strict proof thereof.

17. Ms. Stewart admits that the referenced Order entered by the Tennessee Chancery Court speaks for itself. To the extent the allegations in this numbered Paragraph are inconsistent with that Order, Ms. Stewart denies the allegations and demands strict proof thereof.

18. Ms. Stewart admits that the referenced Order entered by the Tennessee Chancery Court speaks for itself. To the extent the allegations in this numbered Paragraph are inconsistent with that Order, Ms. Stewart denies the allegations and demands strict proof thereof.

19. Ms. Stewart admits that the referenced Order entered by the Tennessee Chancery Court speaks for itself. To the extent the allegations in this numbered Paragraph are inconsistent with that Order, Ms. Stewart denies the allegations and demands strict proof thereof.

20. Ms. Stewart admits that the filings associated with the Tennessee Chancery Court case referenced in Paragraph 20 speak for themselves. To the extent the allegations in this numbered Paragraph are inconsistent with those filings, Ms. Stewart denies the same and demands strict proof thereof.

21. Ms. Stewart admits that the filings associated with the Tennessee Chancery Court case referenced in Paragraph 21 speak for themselves. Ms. Stewart denies the characterization of any document as “fraudulent” and, to the extent the allegations in this numbered Paragraph are inconsistent with those filings, Ms. Stewart denies the same and demands strict proof thereof.

22. Ms. Stewart admits that the filings associated with the Tennessee Chancery Court case referenced in Paragraph 22 speak for themselves. Ms. Stewart denies the characterization of any document as “fraudulent” and, to the extent the allegations in this numbered Paragraph are inconsistent with those filings, Ms. Stewart denies the same and demands strict proof thereof.

23. Ms. Stewart admits that Exhibits C and D speak for themselves. To the extent the allegations in Paragraph 23 are inconsistent with those exhibits, Ms. Stewart denies the same and demands strict proof thereof.

24. Ms. Stewart denies the allegations in Paragraph 24 and demands strict proof thereof.

25. Ms. Stewart denies the allegations in Paragraph 25 and demands strict proof thereof.

26. Ms. Stewart is without sufficient knowledge or information to admit or deny the allegations in Paragraph 26 concerning Mr. Ray's review of the referenced documents. Ms. Stewart admits that Exhibit E speaks for itself and, to the extent the allegations in this numbered Paragraph are inconsistent with that exhibit, Ms. Stewart denies the same and demands strict proof thereof.

27. Ms. Stewart is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27 concerning Mr. Ray's beliefs. Ms. Stewart admits that Exhibit E speaks for itself and, to the extent the allegations in this numbered Paragraph are inconsistent with that exhibit, Ms. Stewart denies the same and demands strict proof thereof.

28. Ms. Stewart is without sufficient knowledge or information to admit or deny the allegations in Paragraph 28 concerning Mr. Ray's reliance and experience. Ms. Stewart admits that Exhibit E speaks for itself and, to the extent the allegations in this numbered Paragraph are inconsistent with that exhibit, Ms. Stewart denies the same and demands strict proof thereof. To the extent the allegations in this Paragraph call for a legal conclusion as to "reasonable reliance," a response is not required.

29. Ms. Stewart is without sufficient knowledge or information to admit or deny the allegations in Paragraph 29 concerning Mr. Ray's beliefs and proposed conduct. Ms. Stewart admits that Exhibit E speaks for itself and, to the extent the allegations in this numbered Paragraph are inconsistent with that exhibit, Ms. Stewart denies the same and demands strict proof thereof.

30. Ms. Stewart is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30 concerning Mr. Ray's fees and expenses. Ms. Stewart admits that Exhibit E speaks for itself and, to the extent the allegations in this numbered Paragraph are inconsistent with that exhibit, Ms. Stewart denies the same and demands strict proof thereof.

31. Ms. Stewart is without sufficient knowledge or information to admit or deny the allegations in Paragraph 31 concerning the approval and nature of Mr. Ray's fees. Ms. Stewart admits that Exhibit E speaks for itself and, to the extent the allegations in this numbered Paragraph are inconsistent with that exhibit, Ms. Stewart denies the same and demands strict proof thereof.

32. Ms. Stewart is without sufficient knowledge or information to admit or deny the allegations in Paragraph 32 concerning Mr. Ray's reliance upon any documents. Therefore, Ms. Stewart denies the same and demands strict proof thereof. Ms. Stewart denies the remaining allegations and demands strict proof thereof.

**COUNT I – NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)**

33. Ms. Stewart denies the allegations in Paragraph 33 and demands strict proof thereof.

34. Ms. Stewart denies the allegations in Paragraph 34 and demands strict proof thereof.

35. Ms. Stewart is without sufficient knowledge or information to admit or deny the allegations in Paragraph 35 concerning Mr. Ray's review of and reliance upon the referenced

documents. Therefore, Ms. Stewart denies the same and demands strict proof thereof. Ms. Stewart denies the remaining allegations and demands strict proof thereof.

36. The allegations in Paragraph 36 of the Second Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ms. Stewart admits that the Tennessee Abusive Civil Action Act speaks for itself and denies any allegations inconsistent therewith.

37. The allegations in Paragraph 37 of the Second Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ms. Stewart denies the allegations and demands strict proof thereof.

38. Ms. Stewart denies the allegations in Paragraph 38 and demands strict proof thereof.

In response to the unnumbered paragraph beginning with **"WHEREFORE,"** and its subparagraphs (1) through (3), Ms. Stewart denies that she is liable to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses and answers to the corresponding numbered paragraphs of the Second Amended Complaint, Ms. Stewart asserts the following specific affirmative defenses to the claims asserted in the Second Amended Complaint, as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted by this Court.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation and repose.

**THIRD DEFENSE**

Ms. Stewart hereby incorporates and pleads any and all defenses in Rule 12(b) of the Federal Rules of Civil Procedure that may be applicable in this case and specifically reserves the right to raise any objections and defenses therein stated.

**FOURTH DEFENSE**

Plaintiff's claims are barred because Ms. Stewart acted in good faith in conformity with applicable rules, regulations, and statutes.

**FIFTH DEFENSE**

Plaintiff's claims may be barred in whole or in part by the doctrines of laches, ratification, consent, acquiescence, judicial estoppel, collateral estoppel, equitable estoppel, claim preclusion, and/or unclean hands.

**SIXTH DEFENSE**

Plaintiff has failed to allege actual fraudulent intent with the requisite specificity mandated by Fed. R. Bankr. P. 7009 and Fed. R. Civ. P. 9(b).

**SEVENTH DEFENSE**

Plaintiff has suffered no damages as a result of any acts or omissions of Ms. Stewart.

**EIGHTH DEFENSE**

Ms. Stewart has not acted with negligence, malice, actual malice, or willful intent to injure Plaintiff.

**NINTH DEFENSE**

There is no basis in law for Plaintiff's claim for attorney's fees.

**RESERVATION OF RIGHTS**

Ms. Stewart reserves the right to supplement and/or amend this Answer to the Second Amended Complaint and assert additional defenses. To the extent Ms. Stewart has not admitted or denied any allegations in the Second Amended Complaint, they are hereby denied.

Respectfully submitted this the 55th day of August, 2026.

*/s/ John M. Lassiter, Sr.*

John M. Lassiter, Sr. (pro hac vice)
Burr & Forman LLP
190 E. Capitol Street, Suite M-100
Jackson, MS 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
Email: jlassiter@burr.com

Paul Reece Marr (GA Bar #471230)
Paul Reece Marr, P.C.
6075 Barfield Road, Suite 213
Sandy Springs, GA 30328
Phone: (770) 984-2255
Email: paul.marr@marrlegal.com

*Counsel for Debtor-Defendant*
*Jody Virginia Lynn Stewart*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August, 2026, a true and correct copy of the foregoing was filed electronically with the Court, to be served via the Court's CM/ECF system, upon all parties.

*/s/John M. Lassiter, Sr.* .
OF COUNSEL